UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KINNEE,<br><br>                        Plaintiff,<br><br>v.<br><br>TEI BIOSCIENCES INC.; INTEGRA LIFESCIENCES CORPORATION; and LIFESCIENCES SALES LLC,<br><br>                        Defendants. | Case No.: 22-CV-604 JLS (AHG)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING WITHOUT PREJUDICE SUPPORTING REQUEST FOR JUDICIAL NOTICE; AND (2) GRANTING PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY**<br><br>(ECF Nos. 10, 10-2, 11, 12) |

Presently before the Court is Defendant Integra Lifesciences Sales LLC's[1] ("Integra Sales") Motion to Dismiss ("Integra Sales Mot.," ECF No. 10) and Request for Judicial Notice in support of the same ("RJN," ECF No. 10-2). Defendants Integra Lifesciences Corporation ("Integra Corp.") and TEI Biosciences Inc. ("TEI") filed Motions to Dismiss and Joinder to Defendant Integra Lifesciences Sales LLC's Motion ("Integra Corp. Mot.," ECF No. 11; "TEI Mot.," ECF No. 12, respectively). Plaintiff Michelle Kinnee filed an

---

[1] The Court notes that Defendant Integra Lifesciences Sales LLC is referred to as "Lifesciences Sales LLC" in Plaintiff's Complaint. *See* Compl. The Court refers to the relevant entity as "Integra Lifesciences Sales LLC" for consistency with the motion now at issue.

Omnibus Opposition to Defendants' Motions to Dismiss ("Opp'n," ECF No. 17), which included a request for jurisdictional discovery in the event the Court finds that it lacks personal jurisdiction over Integra Sales, Integra Corp., and TEI (collectively, "Defendants"). Defendants each filed Replies to Plaintiff's Omnibus Opposition ("Integra Sales Reply," ECF No. 19; "Integra Corp. Reply," ECF No. 20; and "TEI Reply," ECF No. 21). The Court vacated the hearing on the Motions and took them under submission pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 18. Having considered the Parties' arguments, the applicable legal authority, and Plaintiff's Complaint ("Compl.," ECF No. 1), the Court **GRANTS** Defendants' Motions to Dismiss, **GRANTS** Plaintiff's Request for Jurisdictional Discovery, and **DISMISSES WITHOUT PREJUDICE** Defendants' Request for Judicial Notice.

## BACKGROUND

On April 26, 2017, Plaintiff was implanted with the SurgiMend Collagen Matrix ("SurgiMend") for a ventral hernia repair. Compl. ¶ 1. Plaintiff alleges that the SurgiMend device malfunctioned three years later, causing serious complications that necessitated surgery and a week-long hospital stay. *Id.* ¶¶ 1, 30–31. Plaintiff consequently initiated this action asserting claims of strict products liability, negligence, fraudulent concealment, and breach of express warranty against Defendants. *See generally id.*

Plaintiff alleges TEI "designed, manufactured and engaged in post-market surveillance" for the SurgiMend device, *id.* ¶ 2; Integra Corp. was "involved in and maintained oversight over the post-market surveillance" of the device, *id.* ¶ 3; and Integra Sales "was involved in the marketing and sale" of the device, *id.* ¶ 4. The crux of Plaintiff's claim is that Defendants marketed the SurgiMend device as a "safe and effective" means of hernia repair, despite knowing it was not reasonably safe based on "internal data from pre[-] and post-market bench testing, animal studies, and required post-market surveillance investigations." *Id.* ¶¶ 16–18.

/ / /

/ / /

Defendants responded with the instant motions to dismiss, primarily arguing that the Court lacks personal jurisdiction over Defendants and that Plaintiff has failed to state a claim. *See generally* Integra Sales Mot.; Integra Corp. Mot; TEI Mot.

## PERSONAL JURISDICTION

### I. Legal Standard

"There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process." *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). California's long-arm jurisdictional statute permits the exercise of personal jurisdiction so long as it comports with federal due process. *See* Cal. Civ. Proc. Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "[Federal] [d]ue process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state," *Sher*, 911 F.2d at 1361, "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice,'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)).

Under the minimum contacts test, jurisdiction can be either "general" or "specific." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). General jurisdiction depends on the defendant's "substantial, continuous and systematic" contacts with the forum, "even if the suit concerns matters not arising out of his contacts with the forum." *Id.* Specific jurisdiction exists "where the cause of action arises out of or has substantial connection to the defendant's contact with the forum." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). If a defendant has sufficient minimum contacts for the court to exercise personal jurisdiction over the defendant, the exercise of such jurisdiction must also be reasonable. *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987).

/ / /

/ / /

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). "A plaintiff must establish jurisdiction over each defendant individually." *Zuercher v. Hoskins*, No. 4:21-CV-05142-YGR, 2021 WL 6551433, at *2 (N.D. Cal. Dec. 16, 2021). The court "may order discovery on the jurisdictional issues." *Unocal*, 248 F.3d at 922 (citing *Data Disc. Inc. v. Sys. Tech. Ass'n, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "When a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand" the motion. *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *see also Data Disc*, 557 F.2d at 1285 ("[I]t is necessary only for [the plaintiff] to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.").

"Unless directly contravened, [the plaintiff's] version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing *Unocal*, 248 F.3d at 922); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (citations and internal quotation marks omitted).

/ / /
/ / /
/ / /
/ / /

## II. Analysis

### A. *General Personal Jurisdiction*

Defendants contend that the Court lacks general personal jurisdiction as Defendants are incorporated in Delaware and have their principal places of business in New Jersey. Memorandum of Points and Authorities in Support of Defendant Integra Lifesciences Sales LLC's Motion to Dismiss ("Integra Sales MPA," ECF No. 10-1) at 8; Memorandum of Points and Authorities in Support of Defendant Integra Lifesciences Corporation's Motion to Dismiss ("Integra Corp. MPA," ECF No. 11-1) at 4; Memorandum of Points and Authorities in Support of Defendant TEI Biosciences Inc.'s Motion to Dismiss ("TEI MPA," ECF 12-1) at 5.  Plaintiff, in her Opposition, poses no objections to Defendants' contentions regarding general personal jurisdiction, focusing instead on the Court's basis for specific personal jurisdiction. *See* Opp'n at 4–7.  Plaintiff's failure to object operates as a concession that the Court lacks general jurisdiction over Defendants. *See N.Y. Marine & Gen. Ins. Co. v. Peters*, No. 3:21-CV-1692 W (WVG), 2022 WL 1104741, at *1 (S.D. Cal. Apr. 13, 2022) (noting failure to oppose argument raised in motion concedes the truth of the argument) (citations omitted).  Nonetheless, addressing the issue briefly on the merits, the Court likewise concludes that general personal jurisdiction does not exist here.

Courts have general personal jurisdiction (or "general jurisdiction") over nonresident defendants whenever the defendants' activities within the forum state are "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (finding general personal jurisdiction requires that the defendant's contacts with a forum be "so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes") (internal quotations omitted).  General jurisdiction has "an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.  Only when a corporation's contacts with a state are "so substantial and of such a nature as to render the

corporation at home in that State" may the Court exercise general jurisdiction when the corporation's place of incorporation and principal place of business are elsewhere. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014) (explaining that the "place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction") (citations and internal quotation marks omitted)).  Only in an "exceptional case" will general jurisdiction be available outside of where a corporation is incorporated or has its principal place of business. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Here, the Court finds it lacks general jurisdiction over Defendants.  Plaintiff does not allege that any Defendant is incorporated in California or has a principal place of business in California.  *See generally* Compl.  Moreover, Defendants' alleged in-state activities are not so continuous and systematic to render them essentially at home in California.  Plaintiff asserts that TEI designed, manufactured, promoted, sold, and engaged in post-market surveillance for the SurgiMend device.  *See id*. ¶ 13.  Plaintiff also asserts Integra Corp. acquired TEI and became involved in the marketing and sales of the SurgiMend device through Integra Sales.  *See id*. ¶¶ 14–15.  It is unclear from Plaintiff's Complaint, however, whether any of these activities occurred in California.  Even if Defendants conducted regular business in California, this fact alone, without more, would be insufficient to render them "at home" in California.  *See Wagner v. Terumo Med. Corp.*, No. 18CV1007-MMA (MSB), 2018 WL 6075951 at 5* (S.D. Cal. Nov. 21, 2018) ("[E]ven if [p]laintiff could show that [defendant] conducted regular business in California, that fact would still be insufficient to render it 'at home' in the state.").  Accordingly, based on Plaintiff's allegations and the present record, the Court concludes it lacks general jurisdiction over Defendants.

**B.     Specific Personal Jurisdiction**

Defendants argue the Court lacks specific personal jurisdiction because Plaintiff fails to allege any facts that tie Defendants' conduct to California.  *See* Integra Sales MPA at 8; Integra Corp. MPA at 4; TEI MPA at 5.  Plaintiff contends that Defendants designed,

manufactured, marketed, and sold the SurgiMend device that was implanted in her, Compl. ¶¶ 13–15, and further alleges that both the implantation of the device and the treatment associated with the device's malfunction occurred in Chula Vista, California, *id*. ¶ 8.

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction (or "specific jurisdiction"):

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 801; *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (analyzing specific jurisdiction under identical framework). The plaintiff bears the burden of establishing the first two prongs. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). If the plaintiff does so, the burden shifts to the defendant to argue that exercise of jurisdiction would be unreasonable. *Id.*

The Ninth Circuit has emphasized that under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two distinct concepts. "The exact form of our jurisdictional inquiry depends on the nature of the claim at issue." *Picot v. Weston*, 780 F.3d 1206, 1212. For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (quoting *Schwarzenegger*, 374 F.3d at 802)).

/ / /

/ / /

"'For claims sounding in tort' where the alleged conduct took place outside the forum state," courts in the Ninth Circuit apply a "purposeful direction test." *Strayer v. Idaho State Patrol*, No. 21-35247, 2022 WL 685422, at *2 (9th Cir. Mar. 8, 2022); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) ("[I]n cases involving tortious conduct, we most often employ a purposeful direction analysis."); *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 605 (9th Cir. 2018) ("[P]urposeful direction analysis naturally applies in suits sounding in tort where the tort was committed outside the forum state."). This test analyzes whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc.*, 433 F.3d at 1206 (citing *Schwarzenegger*, 374 F.3d at 803).

"The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). Nor does the mere act of placing a product into the stream of commerce satisfy the purposeful availment test, "even if the defendant is aware 'that the stream of commerce may or will sweep the product into the forum state.'" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 860 (9th Cir. 2022) (quoting *Holland Am. Line Inc.*, 485 F.3d at 459)); *see also Macias v. LG Chem Ltd.*, No. SACV2002416DOCADSX, 2021 WL 780478, at *4 (C.D. Cal. Feb. 28, 2021) ("A defendant purposefully avails itself of the forum state when it takes action to 'target' that specific state."). For example, in *Seedman v. Cochlear Americas*, the court considered whether it could exercise specific jurisdiction over a foreign manufacturer of cochlear implants. No. SACV1500366JVSJCGX, 2015 WL 4768239, at *3–5 (C.D. Cal. Aug. 10, 2015). The foreign manufacturer conducted no manufacturing, marketing, or selling of products in California, although its distributor sold the implants in California. *Id.* at *5. The court concluded that the plaintiff had not sufficiently demonstrated specific jurisdiction over the foreign manufacturer because he did not point to what "more" the

/ / /

foreign manufacturer did to target its product in California, other than use a distributor who marketed and sold the products in the state entirely on its own. *Id.*

Regarding the second prong, courts within the Ninth Circuit previously applied a "but for" test to determine whether a claim "arises out of or relates to" a defendant's contacts with a forum. *See, e.g.*, *Henderson v. United Student Aid Funds, Inc.*, No. 13-CV-1845 JLS (BLM), 2015 WL 12658485, at *4 (S.D. Cal. Apr. 8, 2015); *Notorious B.I.G. LLC v. Hutson*, No. 14-02415 SJO (JCx), 2014 WL 12589626, at *4 (C.D. Cal. July 3, 2014). However, in *Ford Motor Co. v. Montana Eighth Judicial District Court*, the U.S. Supreme Court held that proof of causation is not required to determine whether specific jurisdiction exists. 141 S. Ct. 1017, 1026 (2021). Some courts within the Ninth Circuit have interpreted this to mean that the traditional "but for" test is too narrow. *See James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, No CV 20-68-M-DWM, 2021 WL 1139876, at *2 (D. Mont. Mar. 25, 2021) ("[A]s the Supreme Court just made clear, such a 'causation-only approach' improperly narrows the inquiry."); *Clarke v. Dutton Harris & Co., PLLC*, No. 2:20-cv-00160-JAD-BNW, 2021 WL 1225881, at *4 (D. Nev. Mar. 31, 2021) ("[T]he Supreme Court appears to have recently done away with [the 'but for'] approach.").

Thus, the relevant question is whether Plaintiff's claims "arise out of or relate to [the Defaulted Defendants'] contacts with the forum." *Ford Motor Co.*, 141 S. Ct. at 1026 (emphasis removed) (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1780 (2017)). "The first half of the standard asks about causation, but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* Nevertheless, "the phrase 'relate to' incorporates real limits, as it must adequately protect defendants foreign to a forum." *Id.*

Finally, the Ninth Circuit considers the following seven factors when determining whether the exercise of specific jurisdiction over a defendant would be reasonable:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest

> in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

  1.  TEI

The Court finds that Plaintiff has failed to plead sufficient facts for the Court to exercise specific jurisdiction over TEI. Because Plaintiff's Complaint sounds in both tort (strict products liability, negligence, fraudulent concealment) and contract (breach of express warranty), both the purposeful direction and purposeful availment tests apply. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) ("When both contract and tort claims are at issue, both tests are relevant."); *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 819CV01298JLSKES, 2020 WL 9312379, at *3–4 (C.D. Cal. Apr. 22, 2020) (applying both tests where plaintiffs brought "claims sounding in tort, such as fraud, and claims sounding in contract, such as breach of express warranty"); *see also Prudhel v. Endologix, Inc.*, No. CIV S-09-0661LKK/KJM, 2009 WL 2045559, at *4–5 (E.D. Cal. July 9, 2009) (noting a California claim for breach of express warranty sounds in contract because it is "based on a violation of a voluntary representation made by defendant").

First, the Court concludes that Plaintiff's Complaint fails to allege sufficient facts to meet the purposeful direction test. Plaintiff seems to imply that TEI had sufficient minimum contacts with California by alleging that TEI "designed, manufactured, promoted sold, and engaged in post-market surveillance regarding the Surgimend device, *including the specific device implanted in Plaintiff* on April 26, 2017," Compl. ¶ 13 (emphasis added), and that "Defendants marketed Surgimend to physicians, *including Plaintiff's prescribing physician*," *id.* ¶ 16 (emphasis added). While such allegations arguably show intentional conduct, they fail to demonstrate that TEI expressly aimed any of its efforts at California.

/ / /

Express aiming "asks whether the defendant's allegedly tortious action was 'expressly aimed at the forum.'" *Picot*, 780 F.3d at 1214. "The exact form of our analysis varies from case to case and 'depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue.'" *Id.* (citing *Schwarzenegger*, 374 F.3d at 807). Here, Plaintiff alleges strict products liability, negligence, and fraudulent concealment. Thus, the question is whether Defendants expressly aimed such allegedly tortious actions at California. Plaintiff's Complaint, however, is devoid of allegations demonstrating Defendants expressly aimed any of their actions at California. For example, Plaintiff provides no information on whether the SurgiMend device was sold in California or marketed to a California audience; whether the marketing and promotion of the SurgiMend device was performed through a website, in-person sales efforts, or otherwise; or whether the post-market surveillance entailed any contacts with or targeting of the California market. *See generally* Compl.; *see also Ariix, LLC*, 2022 WL 837072, at *3 ("Noticeably lacking from [plaintiff's] complaint are any allegations about [defendant's] forum-specific conduct, such as, perhaps, any direct efforts to sell or advertise its products in California, tailor its products or advertisements specifically for California audiences, or instruct its sales representatives to focus on the California market.").

The only link between Plaintiff's claims and California, based on the allegations in the Complaint, is that the implantation of the device and the subsequent treatment resulting from the device's malfunction occurred in Chula Vista, California. Compl. ¶ 8. Plaintiff does not allege, however, that TEI was involved in either of these activities. Rather, Plaintiff's depiction of the facts merely tends to show that TEI placed the SurgiMend device into the stream of commerce. Without more, this act is not sufficient to vest the Court with specific jurisdiction over TEI. *See Holland Am. Line Inc.*, 485 F.3d at 459; *Elliot v. Cessna Aircraft Co.*, No. 820CV00378SBADSX, 2021 WL 2153820, at *3 (C.D. Cal. May 25, 2021) ("A defendant is required to do 'something more'—namely, the defendant must engage in 'conduct directly targeting the forum,' such as to display content or advertisements that 'appeal[ ] to, and profit[ ] from, an audience in a particular state.'"

(quoting *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (alterations in original)).

While Plaintiff attempted to buttress her jurisdictional pleadings through new jurisdictional facts in her Opposition, *see* Opp'n at 6, the claims were not accompanied by supporting affidavits or judicially noticeable evidence. "The Court . . . cannot rely on a party's unsworn statements in [her] memorandum to defeat a motion to dismiss for lack of personal jurisdiction." *Williams v. Connecticut*, No. 3:15-CV-627 (VAB), 2016 WL 4472935, at *4 (D. Conn. Aug. 24, 2016) (citing several cases for this proposition). Therefore, the Court must conclude, based on the allegations in the Complaint, that Plaintiff has failed to show TEI purposefully directed its activities to California.

Second, Plaintiff has also failed to demonstrate that TEI purposefully availed itself of the privilege of conducting activities in California. As stated above, Plaintiff's Complaint is devoid of facts showing that TEI had any contacts with California, apart from placing a product into the stream of commerce, *see generally* Compl., which, without more, is insufficient for the Court to exercise specific personal jurisdiction over TEI, *see LNS Enters. LLC*, 22 F.4th at 860. Consequently, the Court finds that Plaintiff has failed the first prong of the specific jurisdiction test as to her contract claim.

Because the Court finds that Plaintiff has not met either the purposeful direction or purposeful availment tests, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction over TEI; thus, the Court need not address whether Plaintiff's claims arise out of or relate to TEI's forum-related activities or whether the exercise of specific jurisdiction would comport with fair play and substantial justice. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("Here, [plaintiff's] arguments fail under the first prong. Accordingly, we need not address whether the claim arose out of or resulted from [defendant's] forum-related activities or whether an exercise of jurisdiction is reasonable."); *Estate of Daher v. LSH Co.*, 575 F. Supp. 3d 1231, 1238–41 (C.D. Cal. 2021) (declining to address the second and third prongs of the specific jurisdiction test after

/ / /

finding plaintiff failed to show defendant purposefully directed its activities to California); *Elliot*, 2021 WL 2153820, at *3 (same).

Accordingly, the Court **GRANTS** Defendants' Motions as to TEI and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against TEI.

### 2. *Integra Sales*

The Court also finds that Plaintiff has failed to plead sufficient facts for the Court to exercise specific jurisdiction over Integra Sales. Here, too, both the purposeful direction and purposeful availment tests are applicable, as Plaintiff's claims against Integra Sales sound in tort and contract.

Plaintiff claims that "Integra Sales became involved in the marketing and sales of the Surgimend after Integra [Corp.] acquired TEI in June 2015, including the Surgimend device implanted in Plaintiff." Compl. ¶ 15. This allegation alone, taken as true, fails to satisfy the purposeful direction test because Plaintiff provides no supporting facts demonstrating that Integra Sales's acts were expressly aimed at California. *See generally id*. Moreover, Plaintiff's allegations do not satisfy the purposeful availment test because they are unaccompanied by facts demonstrating that Integra Sales's contacts with California were such that it "performed some type of affirmative conduct which allow[ed] or promote[d] the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *see generally id*. Again, Plaintiff's pleadings merely tend to show that Integra Sales placed a product into the stream of commerce, which is insufficient to satisfy either the purposeful direction or purposeful availment tests for personal jurisdiction. *LNS Enters. LLC*, 22 F.4th at 860; *Holland Am. Line Inc.*, 485 F.3d at 459. Moreover, the fact that the SurgiMend device was implanted and caused injury in California is insufficient to confer personal jurisdiction over Integra Sales in the absence of facts showing Integra Sales was involved in either of these activities. Thus, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction over Integra Sales.

Accordingly, the Court **GRANTS** Defendants' Motions as to Integra Sales and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Integra Sales.

### 3. Integra Corp.

Finally, the Court finds that Plaintiff has not demonstrated that Integra Corp. had sufficient minimum contacts with California such that the Court could exercise specific personal jurisdiction over it. Plaintiff alleges that Integra Corp. acquired TEI's rights and obligations relating to the SurgiMend device in or around June 2015 and "became involved in overseeing the quality system, post-market surveillance and marketing of Surgimend, including the Surgimend device implanted in Plaintiff." Compl. ¶ 14. This allegation is similarly unsupported by facts showing that Integra Corp. purposefully directed its actions at California or purposefully availed itself of the benefits of operating in California. *See generally* Compl. Thus, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction over Integra Corp. Accordingly, the Court **GRANTS** Defendants' Motions as to Integra Corp. and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Integra Corp.

## III. Conclusion

The Court's lack of general jurisdiction over Defendants is uncontroverted. Moreover, Plaintiff has failed to show that Defendants purposefully directed their activities to California or purposefully availed themselves of the privilege of doing business in California. Therefore, Plaintiff has not made a *prima facie* showing of specific jurisdiction as to any Defendant. Accordingly, because the Court finds it lacks personal jurisdiction over Defendants, the Court **GRANTS** Defendants Motions to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims. In light of this decision, the Court declines to address Defendants' remaining bases for dismissal. *Applied Underwriters, Inc. v. Combined Mgmt., Inc.*, No. C07-5129 BZ, 2007 WL 4287322, at *2 (N.D. Cal. Dec. 5, 2007), *aff'd*, 371 F. App'x 834 (9th Cir. 2010) ("Because I have found that defendant did not establish sufficient minimum contacts with California to constitute purposeful availment, I do not need to address the parties remaining arguments."); *DeLima v. Burres*, No. 2:12-CV-00469-DBP, 2013 WL 690536, at *1 (D. Utah Feb. 26, 2013) (declining to address defendant's remaining arguments after granting motion to dismiss for lack of

personal jurisdiction). Further, as the Court grants Defendants' Motions to Dismiss without reference to the exhibits submitted by Integra Sales in its RJN, the Court **DENIES WITHOUT PREJUDICE** the supporting RJN.

## PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

Plaintiff seeks leave to obtain jurisdictional discovery in the event the Court rules that Plaintiff has not adequately pleaded facts establishing personal jurisdiction. Opp'n at 7. Defendants oppose Plaintiff's request. Integra Sales Reply at 3; Integra Corp. Reply at 3; TEI Reply at 3.

Jurisdictional discovery "may be appropriately granted where [1] pertinent facts bearing on the question of jurisdiction are controverted or [2] where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). The decision to permit or deny jurisdictional discovery lies in the Court's discretion. *Id.* In order for the Court to permit jurisdictional discovery, however, the plaintiff "must at least make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007). Jurisdictional discovery should be denied where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co.*, 556 F.2d at 430 n.24. A district court does not abuse its discretion by denying jurisdictional discovery when the plaintiff's request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020.

Here, the Court finds that jurisdictional discovery is warranted. On the one hand, there are no pertinent facts on the question of jurisdiction that are controverted. It is undisputed that the Court lacks general jurisdiction over Defendants, and rather than specifically deny any of Plaintiff's allegations as to specific jurisdiction, Defendants instead argue that Plaintiff's jurisdictional claims do not provide a basis for the Court to exercise personal jurisdiction over Defendants.

/ / /

On the other hand, however, a more satisfactory showing of the facts is necessary for the Court to determine whether it can exercise personal jurisdiction over Defendants. Specifically, the Court finds that more facts are needed regarding Defendants' marketing, sales, and other distribution-related activities in California. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[Jurisdictional] [d]iscovery should be granted when . . . more facts are needed."). Plaintiff's Opposition contains more robust claims as to personal jurisdiction that, if taken as true, could allow the Court to exercise personal jurisdiction over at least some of the Defendants in a manner consistent with federal due process. *See* Opp'n at 7. For example, Plaintiff alleges that "each Defendant promoted and sold the Surgimend device in California for the purpose of implantation in California," *id.* at 6; "Defendants expected the Surgimend device implanted in Plaintiff would reach Plaintiff and her prescribing physicians in California at the time Defendants distributed and sold the device," *id.*; that Defendants' sales representative called on and made payments to Plaintiff's prescribing physician in California in 2017, *id.* at 7; and that "Defendants have also posted job descriptions detailing the extensive sales and promotional activity they expected their sales force to perform in California regarding its Surgimend devices," *id.* Such allegations demonstrate that Plaintiff's request for jurisdictional discovery is not based on a mere hunch that it might yield jurisdictionally relevant facts. *See Boschetto*, 539 F.3d at 1020.

Defendants are correct that, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citing *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)). Here, however, Defendants have not denied any of Plaintiff's jurisdictional claims; rather, they have argued that Plaintiff's jurisdictional allegations are insufficient to meet the requirements of due process. While the Court agrees that the present allegations are inadequate, Defendants have made no affirmative claims as to their contacts, or lack thereof, with California. *See generally* Integra Sales MPA; Integra Sales

Reply; Integra Corp. MPA; Integra Corp. Reply; TEI MPA; TEI Reply. Faced with this dearth of jurisdictional facts, permitting discovery is the most appropriate response. Accordingly, the Court **GRANTS** Plaintiff's request for jurisdictional discovery.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 10, 11, 12) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims. The Court **GRANTS** Plaintiff's request for jurisdictional discovery. Finally, the Court **DENIES WITHOUT PREJUDICE** Integra Sales's Request for Judicial Notice (ECF No. 10-2).

Plaintiff does not specify how much time is needed for jurisdictional discovery. Accordingly, the Court grants Plaintiff 60 days in which to conduct jurisdictional discovery to support her claim that the Court may exercise specific jurisdiction over Defendants.[2] Plaintiff **MAY FILE** an amended complaint on or before December 23, 2022. *Plaintiff's failure to file an amended complaint after 60 days of jurisdictional discovery will result in dismissal without prejudice of this action.* Should Plaintiff elect to file an amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior Complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: October 24, 2022

Hon. Janis L. Sammartino
United States District Judge

---

[2] Magistrate Judge David Leshner will schedule, in a separate order, a status conference to discuss how jurisdictional discovery shall proceed and its parameters.