1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   MICHELLE KINNEE,                          Case No.: 22-CV-604 JLS (DDL)

12                             Plaintiff,      **ORDER DENYING DEFENDANTS'**
                                               **MOTION TO DISMISS**
13   v.

14   TEI BIOSCIENCES INC.; INTEGRA             (ECF No. 58)
     LIFESCIENCES CORPORATION;
15   LIFESCIENCE SALES LLC; and DOES
     1 through 50, inclusive,
16
17                             Defendants.

18

19        Presently before the Court is Defendants Integra Life Sciences Corporation

20   ("Integra") and Integra Lifesciences Sales LLC's ("Integra Sales") (collectively,

21   "Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint ("Mot.," ECF No.

22   58) and accompanying Memorandum of Points and Authorities ("Mem.," ECF No. 58-1).[1]

23   Plaintiff Michelle Kinnee filed an Opposition to the Motion ("Opp'n.," ECF No. 59), and

24   Defendants submitted a Reply ("Reply," ECF No. 60).  The Court took the Motion under

25   _____

26   [1] In addition, Defendants accompanied their Motion with a Request for Judicial Notice ("Request," ECF
     No. 58-2), wherein Defendants ask the Court to take judicial notice of the same documents the Court
27   declined to consider when ruling on Defendants' previous motion to dismiss.  Request at 1; ECF No. 50-2
     at 1.  Once again, the arguments in Defendants' Motion do not rely on these documents.  *See generally*
28   Mem.  Accordingly, the Court **DENIES** Defendants' Request as **MOOT**.

submission without oral argument on June 7, 2024.  ECF No. 61.  Having carefully reviewed Plaintiff's Third Amended Complaint ("TAC," ECF No. 57), the Parties' arguments, and the law, the Court **DENIES** Defendants' Motion to Dismiss.

BACKGROUND

The Court here incorporates by reference the recitation of this action's factual and procedural history contained in its April 18, 2024, Order ("Order," ECF No. 56).  The Court thus sets forth only those facts relevant to the instant Motion.

This action stems from alleged injuries caused by the SurgiMend Collagen Matrix ("SurgiMend").  TAC ¶¶ 9, 41.  On April 26, 2017, Plaintiff underwent a procedure to repair a ventral hernia using the SurgiMend device.  *Id*.  Three years later, on April 28, 2020, Plaintiff underwent a subsequent procedure to address complications stemming from the original procedure, including "bowel injury, bowel blockage, bowel perforation, severe inflammatory response, and pain."  *Id*. ¶ 42.  During this second procedure, the surgeon determined Plaintiff's SurgiMend device had shrunk from a pre-implant size of 25 cm x 35 cm to a post-removal size of 23 cm x 10.2 cm.  *Id*.  The device had also intertwined with and "eroded into Plaintiff's bowel."  *Id*.  As a result, "Plaintiff continues to experience pain and suffering . . . [,] including distress and anxiety, disfigurement, difficulties with bowel movements, and economic loss."  *Id*. ¶ 43.

The present Motion constitutes Defendants' fourth attempt to dismiss all or part of Plaintiff's suit.  Regarding Defendants' initial Motion, the Court found that it lacked personal jurisdiction over Defendants and allowed jurisdictional discovery.  *See* ECF No. 23 at 14, 17.  The Parties resolved these jurisdictional issues through a stipulation that dismissed then-Defendant TEI Biosciences Inc. ("TEI") from the action.  ECF No. 32 at 2.  Plaintiff then filed a First Amended Complaint ("FAC," ECF No. 41) asserting causes of action for failure-to-warn strict products liability, negligence, fraudulent concealment, and breach of express warranty against Defendants Integra and Integra Sales.  Defendants again moved to dismiss (ECF No. 42), and, reaching the merits, the Court dismissed Plaintiff's negligent manufacturing defect and fraudulent concealment claims with leave to amend.

2

1  *See* ECF No. 48 at 28.

2  After Plaintiff filed a Second Amended Complaint (ECF No. 49), Defendants filed

3  a third motion to dismiss.  *See* ECF No. 50.  The Court then granted the motion only as to

4  Plaintiff's claim for negligent manufacturing defect.  *See* Order at 19.  Though Plaintiff

5  had sufficiently described the nature and cause of her SurgiMend device's alleged defect,

6  she failed to plausibly allege that this defect caused her injury.  *Id*. at 7–10.  Specifically,

7  the Court found it implausible, based on the facts alleged, that bacterial contamination at

8  the time of initial implantation would first cause symptoms three years down the line.  *Id.*

9  at 9–10.

10  In the TAC, Plaintiff now alleges:

11  > High levels of bacterial endotoxins can cause a patient to suffer
12  > from fever, infection, and inflammation.  Over time, this
13  > increased inflammation and infection can cause severe adhesions
14  > to form between the mesh and the patient's internal organs and
15  > viscera.  The patient may develop a chronic infection, which will
16  > cause them pain and discomfort.  The adhesions and chronic
17  > infection can eventually erode into the bowel over time.  This
18  > leads to the development of fistula(s) or other bowel injuries as
19  > the mesh becomes more and more adhered to the patient's bowel.

18  TAC ¶ 30.  Plaintiff adds, "excessive levels of endotoxins cause dense adhesions to form.

19  Over time, as the mesh becomes more and more adhered to the patient's bowel, bowel

20  injuries are likely to occur."  *Id.* ¶ 69.  Finally, Plaintiff asserts, "Plaintiff's Surgi[M]end

21  mesh had excessive levels of endotoxins when it was implanted.  These endotoxins were a

22  substantial contributing cause in Plaintiff developing a severe inflammatory response in

23  her abdomen, dense adhesions to the mesh, and injury to her bowel."  *Id.* ¶ 70.

24  The present Motion followed.  In it, Defendants again seek to dismiss Plaintiff's

25  negligent manufacturing defect claim.  Mem. at 6.

26  / / /

27  / / /

28  / / /

# LEGAL STANDARD

## I.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."  A court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" do not demonstrate a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Review under Rule 8(a) requires a context-specific analysis involving a court's "judicial experience and common sense." *Id.* at 679.  A court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  That said, the Court need not accept as true "legal conclusions" contained in the complaint. *Iqbal*, 556 U.S. at 678.

If a complaint does not state a plausible claim for relief, a court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 155 (N.D. Cal. 2005) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

## ANALYSIS

To state a negligence claim in California, a plaintiff must establish "a legal duty to use due care, a breach of such legal duty, and that the breach is the proximate or legal cause of the resulting injury." *Kesner v. Super. Ct.*, 384 P.3d 283, 289 (Cal. 2016) (alterations adopted but internal quotation marks omitted) (quoting *Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*, 327 P.3d 850, 853 (Cal. 2014)). In products liability cases, a plaintiff must show "both that a defect caused the injury and 'that the defect in the product was due to negligence of the defendant.'" *Hannan v. Bos. Sci. Corp.*, No. 19-CV-08453-PJH, 2020 WL 2128841, at *8 (N.D. Cal. May 5, 2020) (quoting *Merrill v. Navegar, Inc.*, 28 P.3d 116, 124 (Cal. 2001)). Put differently, a plaintiff must (ultimately) prove that the alleged defect was "a substantial factor in producing [her] injury." *Soule v. Gen. Motors Corp.*, 882 P.2d 298, 312 (Cal. 1994).

The Court previously determined Plaintiff had sufficiently pleaded the nature and cause of her SurgiMend device's manufacturing defect. Order at 7–9. The Court thus turns to whether Plaintiff has plausibly alleged that this manufacturing defect—the alleged presence of bacterial endotoxins on her SurgiMend device—caused her injury. *See id.* at 9–10. The Court finds that Plaintiff has met her burden at this stage.

To survive a motion to dismiss, Plaintiff need only allege facts "demonstrat[ing] a plausible connection between the [defect] . . . and the worsening of h[er] specific medical condition." *Davallou v. Glenmark Pharms. US Head Quarters*, No. 20-CV-00619-DMS-

MDD, 2020 WL 4284965, at *2 (S.D. Cal. July 27, 2020). Here, per Plaintiff, "high levels of bacterial endotoxins" can cause inflammation. TAC ¶ 30. Prolonged inflammation in turn can lead to the formation of "severe adhesions," which then create "fistula(s) or other bowel injuries" over time. *Id.* These new, nonconclusory, factual allegations, coupled with those stating Plaintiff experienced the very symptoms allegedly associated with long-term, endotoxin-related inflammation, *see id.* ¶¶ 42, 70, are sufficient to plausibly allege injury causation, *see Hannan*, 2020 WL 2128841, at *9.

Defendants argue that the "only new allegation [Plaintiff] provides is: 'Plaintiff's Surgi[M]end device had excessive levels of endotoxins when it was implanted. These endotoxins were a substantial contributing cause in Plaintiff developing a severe inflammatory response in her abdomen, dense adhesions to the mesh, and injury to her bowel.'" Mem. at 6 (quoting TAC ¶ 70). To be sure, these conclusory statements would not suffice on their own. Defendants, however, largely ignore the additional factual allegations set out in Paragraphs 30 and 69 of the TAC. Once these paragraphs are factored in, Defendants' contention that there are no facts "linking the endotoxin levels to Plaintiff's own alleged injury" is unpersuasive. *Id.* at 7.

Judge Koh's opinion in *Ferrari v. Natural Partners, Inc.* is instructive. No. 15-CV-04787-LHK, 2016 WL 4440242, at *5 (Aug. 23, 2016). There, the court credited the plaintiff's allegations stating they had suffered specifically identified symptoms consistent with chloramphenicol exposure (the product's alleged contaminant). *Id.* at *5–6. In so doing, the court rejected the defendants' argument that the plaintiff's theory was inconsistent with common sense, noting that it must accept the plaintiff's factual allegations as true. *Id.* Though Defendants argue that *Ferrari* is inapposite, they fail to persuasively distinguish it from the case at bar.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Thus, "any weighing of the evidence is inappropriate on a 12(b)(6) motion." *Jones v. Johnson*,

22-CV-604 JLS (DDL)

781 F.2d 769, 772 n.1 (9th Cir. 1986) *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).  Plaintiff has provided nonconclusory factual allegations suggesting a mechanism by which elevated endotoxin levels can, over time, cause adhesion-related injuries.  Whether or not Plaintiff is ultimately able to offer proof of such mechanism is beside the point at this stage; a motion to dismiss is not the appropriate vehicle to make that determination.

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's TAC (ECF No. 58).  Defendants shall file an answer to the TAC within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  June 28, 2024

Hon. Janis L. Sammartino
United States District Judge