UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KINNEE,<br><br>                   Plaintiff,<br><br>v.<br><br>TEI BIOSCIENCES INC.;<br>INTEGRA LIFESCIENCES<br>CORPORATION; LIFESCIENCES<br>SALES LLC; and DOES 1 through 50, inclusive,<br><br>                   Defendant. | Case No.: 22-cv-604-JLS-DDL<br><br>**ORDER:**<br><br>**(1) DENYING JOINT MOTION FOR ENTRY OF ESI PROTOCOL [Dkt. No. 73];**<br><br>**and**<br><br>**(2) DIRECTING DEFENDANTS TO SERVE RULE 26-COMPLIANT DISCLOSURES** |

      Before the Court is the parties' Joint Motion for Entry of an Order Governing Discovery of Electronically Stored Information.  Dkt. No. 73.  The Court held a Status Conference on October 28, 2024 to discuss the parties' proposal.  For the reasons stated below and discussed on the record, the Joint Motion is **DENIED**.  The Court further **ORDERS** Defendants to serve initial disclosures that comply with Federal Rule of Civil Procedure 26(a)(1)(A)(i) within seven days of this Order.

      The Court begins with some general principles.  "[E]lectronic discovery is generally subject to the same discovery requirements as other relevant information

1  . . ..." *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-0347-CAB-MDD, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) (citing *The Sedona Principles*, Third Edition, 19 SEDONA CONF. J. 1 (2018)).  In accordance with Rules 26 and 34, the requesting party "is entitled to ask for relevant documents, and [the responding party] is required to use reasonable diligence to look for them." *Davis v. Pinterest, Inc.*, No. 19CV07650HSGTSH, 2021 WL 3045878, at *3 (N.D. Cal. July 20, 2021) (further noting, "[i]t is that simple.").  Ultimately, it is the responding party's obligation to address requests for production as required by Rule 34, consistent with the principle that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information."  *NuVasive,* 2019 WL 4934477, at *2 (citation omitted).  As such, "absent agreement among the parties, the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information and to search the files of those individuals."  *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) (citations omitted).  "If material information is not preserved or disclosed because of an unreasonable choice, there may be sanctionable consequences."  *See Hastings v. Ford Motor Co.*, No. 19-CV-2217-BAS-MDD, 2021 WL 1238870, at *3 (S.D. Cal. Apr. 2, 2021).

As in all discovery matters, the Court expects the parties to work cooperatively and in good faith about electronically stored information ("ESI") search parameters, including search terms and custodians, to identify information responsive to each party's requests for production. *See NuVasive*, 2019 WL 4934477, at *1 ("the parties should seek to reach agreement regarding production of electronically stored information"). "The parties should . . . be as transparent as possible" throughout this process. *Hastings*, 2021 WL 1238870, at *3.

/ / /

The Court also expects the parties to faithfully comply with the Federal Rules of Civil Procedure. Such compliance is essential to an efficient and cost-effective discovery process. Relevant to this Order, Rule 26 provides that a party "***must, without awaiting a discovery request***, provide to the other parties: the ***name . . . of each individual likely to have discoverable information*** – along with the subjects of that information – that the disclosing party may use to support its claims or defense, unless the use would be solely for impeachment . . .." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Defendants' initial disclosures state, in relevant part:

> **Rule 26(a)(1)(A)(i) – Individuals Likely to Have Discoverable Information.**
>
> Due to the fact that Integra has thousands of employees, and the general nature of many of the allegations in Plaintiff's Complaint, it is impossible for Integra to comprehensively and specifically identify every individual likely to have discoverable information that Integra may use to support its claims or defenses.
>
> * * *
>
> *Integra's designated company representative(s).* Designated company representative(s) for Integra is/are expected to have information about the following topics related to the Subject Device: design, manufacturing, marketing, and distribution of the Subject Device, as well as the regulatory clearance of the SurgiMend® hernia mesh device by the U.S. Food and Drug Administration ("FDA"). Integra's designated company representative(s) are yet to be determined by Integra.
>
> * * *
>
> *Integra's employees and/or former employees who may have knowledge about Plaintiff and/or the Subject Device.* These witnesses may have information regarding the Subject Device; Plaintiff's alleged implant procedure on April 26, 2017; communications with Dr. Stephen Summers about Plaintiff and/or the Subject Device; communications with Sharp Chula Vista Medical Center about Plaintiff and/or the Subject Device.

/ / /

The Court finds these disclosures – which do not identify a single corporate witness by name, much less the subject(s) of information possessed by each witness – do not comply with Rule 26(a)(1)(A)(i).  The Court is not persuaded by Defendants' statements at the Status Conference that they were unable to identify witnesses with relevant, discoverable information before receiving Plaintiff's document requests, as that position conflates Defendants' initial disclosure obligations under Rule 26 with their obligation to produce responsive documents under Rule 34.  Similarly, the Court finds unpersuasive Defendants' reliance on the statement in their initial disclosures purporting to "reserve[] the right to supplement and/or amend this list" given Defendants' failure to identify a single witness in the first instance.  Defendants' failure to provide compliant initial disclosures creates an impediment to the parties' ability to engage in a meaningful discussion and, ideally, agreement regarding ESI.

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Joint Motion for Entry of an Order Governing Discovery of Electronically Stored Information [Dkt. No. 73] is **DENIED**.

2. Defendants must serve supplemental Rule 26(a)(1)(A)(i) disclosures by email by not later than **November 27, 2024**.

3. By not later than **December 11, 2024**, Defendants must provide Plaintiff with their proposal for the search for ESI responsive to Plaintiff's document requests, including search terms and custodians if applicable.

4. By not later than **December 18, 2024**, Plaintiff shall provide Defendants with any counterproposal concerning additional custodians, search terms or other search parameters.  Plaintiff's counterproposal "must be specific and explain why the additional custodians or search terms will plausibly yield responsive ESI."  *Emerson v. Iron Mountain Info. Mgmt. Servs., Inc.*, No. 20CV08607YGRAGT, 2021 WL 8085488, at *1 (N.D. Cal. Sept. 2, 2021).
/ / /

Defendants must consider in good faith any additional search parameters proposed by Plaintiff.

5. By not later than **December 30, 2024**, the parties must meet and confer by Zoom or in person regarding their respective ESI proposals.

6. By not later than **January 6, 2025**, Defendants must inform Plaintiff of the search parameters that Defendants will use to collect responsive documents.

7. All deadlines set forth in the Court's September 17, 2024 Scheduling Order [Dkt. No. 67], including the January 29, 2025 substantial completion deadline,[1] remain in effect and will not be modified absent a showing of good cause.

**IT IS SO ORDERED.**

Dated: November 21, 2024

Hon. David D. Leshner
United States Magistrate Judge

---

[1] The Court's September 17, 2024 Scheduling Order contains a clerical error. The deadline to substantially complete the production of documents responsive to another party's document requests is **January 29, 2025**, not January 29, 2024.