UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KINNEE,<br><br>                        Plaintiff,<br><br>v.<br><br>TEI BIOSCIENCES INC.; INTEGRA LIFESCIENCES CORPORATION; LIFESCIENCES SALES LLC; and DOES 1 through 50, inclusive,<br><br>                        Defendant. | Case No.: 22-cv-604-JLS-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**<br><br>**[DKT. NO. 127]** |

On September 4, 2025, Plaintiff filed a motion captioned "Motion to Amend Scheduling Order by 31 Days Given Defendants' Non-Compliance with Scheduling Order." Dkt. No. 127. Plaintiff seeks to continue all of the remaining case deadlines set forth in the Court's March 20, 2025 Order Granting Unopposed Motion to Continue Deadlines and Second Amended Scheduling Order [Dkt. No. 126].[1] *Id.* at 1. In support, Plaintiff argues that the extension is necessary because

---

[1] Including the deadline for expert disclosures which is currently September 4, 2025, the same date the instant motion was filed. Dkt. Nos. 126 and 127.

1

Defendant failed to complete its document production by April 29, 2025 as ordered and now Plaintiff needs additional time to review the documents that were produced as late as May 30, 2025. *Id.* at 1-2. Defendant Integra responds that Plaintiff's motion should be denied as untimely and procedurally improper. *Id.* at 3-4.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Federal Rule of Civil Procedure 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." J*ohnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." *Id.*

As an initial matter, the Court finds that Plaintiff has not complied with this Court's Chambers rules. Plaintiff filed the instant motion on the date of the deadline she seeks to modify. As stated in Judge Leshner's Chambers Rules, "[m]otions filed on the date of the deadline sought to be modified will be denied unless it is apparent on the face of the motion that the request could not have been made earlier for reasons not within counsel's control." Leshner Chambers Rules III(D). It is not apparent on the face of the motion that Plaintiff could not have brought the motion earlier and, despite being aware of the allegedly late production since at least May, 30, 2025, Plaintiff does not provide any reason or explanation for why this motion could not have been brought sooner. Dkt. No. 127.

The Court also finds that Plaintiff has not provided good cause for her request or been reasonably diligent as required by Federal Rule of Civil Procedure

16. Plaintiff provides no explanation for waiting until the expert disclosure deadline for filing the instant motion that is based on an allegedly untimely document production that occurred ninety-eight days ago on May 30, 2025. Accordingly, Plaintiff's Motion to Amend the Scheduling Order is **DENIED**.

**IT IS SO ORDERED.**
Dated: September 8, 2025

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge